IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KANTNER INGREDIENTS, INC.,

                Plaintiff,          Case No. 3:07 CV 2822

  -vs-

                                         MEMORANDUM OPINION

ALL AMERICAN DAIRY PRODUCTS, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant's motion to dismiss or stay proceedings pursuant to principals of abstention set out *in Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River* abstention"). (Doc. 12.)

**I.    Background**

This matter stems from several contract disputes between Plaintiff Kantner Ingredients, Inc. ("Kantner") and Defendant All American Dairy Products, Inc. ("AADPI"). These disputes resulted in two lawsuits. First, AADPI sued Kantner and one of its vice presidents, Pamela Jeffery ("Jeffery"), in Pennsylvania state court ("the AADPI action"). Doc. 12-2. Second, Kantner filed the instant action against AADPI in Ohio state court, which was subsequently removed by AADPI to this Court ("the Kantner action"). Doc. 12-4, Doc. 1. AADPI has moved this Court to stay or dismiss the Kantner action on the basis that the claims in the Kantner action should rightly be litigated as part of the AADPI action in Pennsylvania state court. Doc. 12 at 3-4.

Kantner is a blender of dairy products. AADPI formulates and supplies dairy products to its customers. *Id.* In 2005, AADPI entered into an agreement with Kantner whereby Kantner

would supply dairy products to certain AADPI customers. In conjunction with this agreement, the two parties entered into a "Mutual Confidential Information Agreement" ("the Confidentiality Agreement"). *See* Doc. 12-3. The Confidentiality Agreement was intended to protect confidential and proprietary information that would be exchanged between Kantner and AADPI as a part of their business relationship.

The relationship between AADPI and Kantner was such that AADPI's customers would place an order with, and pay, AADPI. AADPI in turn forwarded the order and payment to Kantner. Kantner would then supply the product for the third party customers. However, AADPI alleges that, beginning in or about June 2007, Kantner withheld shipments from AADPI customers, made false statements to AADPI customers about the quality of product being supplied, and wrongfully began trying to supply customers while cutting AADPI out of the equation. AADPI filed the AADPI action in Pennsylvania state court on July 16, 2007. *See* Doc. 12-2. The AADPI action alleges tortuous interference with business relationships between AADPI and three of its customers - Ken's Foods, Inc. ("Ken's"), Stauffer Biscuit Co. ("Stauffer"), and Ronald A. Chisholm International ("Chisholm"). Doc. 12-2 at 14-15, 80-88. It also alleges that Kantner refused to provide Ken's with one of its product orders ("the June 26th order"). *Id*. Additionally, the AADPI action claims commercial disparagement for alleged false statements made to AADPI customers, *id*. at 89-95; breach of the Confidentiality Agreement, *id*. at 96-107; violation of the Pennsylvania Uniform Trade Secrets Act, *id*. at 108-120; and unfair competition, *id*. at 121-123.

In addition to these deteriorations to AADPI and Kantner's relationship, Kantner claims that in May 2007, AADPI stopped paying certain balances owed to Kantner. Doc. 19 at 3.

Kantner filed the Kantner action on August 20, 2007, alleging that AADPI owes a total of $209,502.62 in unpaid invoices and freight costs. Doc. 12-4. The disputed invoices are as follows: a May 31, 2007 order totaling $59,994.00 ("the May 31st order"), *id*. at 2; a June 5, 2007 order totaling $67,624.38 ("the June 5th order"), *id*. at 3; a June 4, 2007 order totaling $184.00 ("the June 4th order"), *id*. at 4; a June 12, 2007 order totaling $14,673.00 ("the June 12th order"), *id*. at 5; and a June 14, 2007 order totaling $64,037.25 ("the June 14th order"), *id*. at 6. Additionally, Kantner claims that AADPI has not paid $2,989.99 in freight costs. *Id*. at 7. The June 5th and June 14th orders were placed by AADPI pursuant to orders from Ken's. *See* Doc. 12 at 7; Doc. 12-4. None of the other orders in the Kantner action involve the three AADPI customers in the AADPI action (Ken's, Stauffer, or Chisholm).

On October 18, 2007, AADPI filed the instant motion to dismiss or stay the Kantner action pursuant to *Colorado River* abstention, asserting that the claims in the Kantner action are rightly litigated as part of the AADPI action in Pennsylvania state court. For the reasons stated herein, AADPI's motion is denied.

**II.    Standard of review**

No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, (1957); *see also Pfennig v. Household Credit Servs*., 295 F.3d 522, 525-26 (6th Cir.2002) (citing *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998)). When deciding a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Yanacos v. Lake County*, 953

3

F.Supp. 187, 191 (N.D.Ohio 1996). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer*, 416 U.S. at 236. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III.** *Colorado River* **abstention**

As explained by the Sixth Circuit in *Romine v. Compuserve Corp*., 160 F.3d 337 (6th Cir. 1998),

> despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts . . . . [T]he principles underlying this doctrine "rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"

*Romine*, 160 F.3d at 339. Thus, *Colorado River* abstention instructs that "a federal court may dismiss or stay a parallel [state] action in order to avoid duplicative, piecemeal litigation." *See Bowshier v. Daimlierchrysler Motors Co.*, 2004 U.S. Dist. LEXIS 30552, at *3 (S.D. Ohio 2004) (citing *Colorado River*, supra). Even so, "the 'clearest of justifications' must be present for a federal court to stay a proceeding pending the completion of the state action." *Madoffe v. Safelite Solutions, LLC*, 2007 U.S. Dist. LEXIS 9584, at *4-*5 (S.D. Ohio 2007) (citing *Colorado River*, 424 U.S. at 819; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1 (1983) (refining the *Colorado River* abstention doctrine)).

*Colorado River* abstention requires a two-part analysis. First, a district court must "determine that the concurrent state and federal actions are actually parallel." *Romine*, 160 F.3d at 339 (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984)). Second, if the actions are found to be parallel, a court must apply the eight *Colorado River* factors to determine whether abstention is appropriate under the facts of the case. *See id.* at 340. The eight factors are:

    (1)    whether the state court has assumed jurisdiction over any res or property;
    (2)    whether the federal forum is less convenient to the parties;
    (3)    avoidance of piecemeal litigation;
    (4)    the order in which the jurisdiction was obtained;
    (5)    whether the source of governing law is state or federal;
    (6)    the adequacy of the state court action to protect the federal plaintiff's rights;
    (7)    the relative progress of the state and federal proceedings; and
    (8)    the presence or absence of concurrent jurisdiction.

*Finch v. Thomas Asphalt Paving Co.*, 252 F. Supp. 2d 459, 462 (N.D. Ohio 2002) (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001)). If abstention is appropriate under the eight *Colorado River* factors, a district court may grant a motion to dismiss or stay the action.

**IV.    Discussion**

    **A.    Waiver of Right to Request Dismissal or Stay**

In response to AADPI's motion, Kantner argues as a threshold matter that AADPI "waived its right to request a dismissal or stay on the basis of the abstention doctrine when it made the decision to voluntarily remove this case to federal court." Doc. 19 at 5). "Removal is a form of voluntary invocation of a federal court's jurisdiction . . . ." *Kenny A. v. Perdue*, 218 F.R.D. 277, 285 (N.D. Ga. 2003) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 620 (2002)). As such, Kantner argues that AADPI cannot remove the Kantner action from an Ohio state court where

abstention could not be argued, voluntarily invoke this Court's jurisdiction through that removal, and then ask this Court to abstain.

> To support its assertion of a waiver, Kantner cites *Kenny A. v. Perdue*, which held that [i]t would be fundamentally unfair to permit *State* Defendants to argue that this Court must abstain from hearing the case after they voluntarily brought the case before this Court . . . . The Court concludes that *State* Defendants have waived their right to seek abstention, and that even absent waiver, abstention would not be appropriate.

*Kenny A.*, 218 F.R.D. at 285 (emphasis added). The court in *Kenny A.* based its reasoning on the Supreme Court's decision in *Lapides v. Bd. of Regents*, which held that "a *state* waives its Eleventh Amendment immunity when it removes a case from state court to federal court." *Kenny A.*, 218 F.R.D. at 285 (emphasis added) (citing *Lapides*, supra). The analyses of *Kenny A.* and *Lapides* are not applicable here.

First, *Kenny A.* dealt with the *Younger* abstention doctrine. *See Kenny A.*, 217 F.R.D. at 285 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* abstention is not at issue in this case. *See id.* ("*Younger* abstention is a doctrine of federal-state comity that limits the extent to which state defendants may be sued in federal court.") (emphasis added) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

Second, both *Kenny A.* and *Lapides* dealt exclusively with a *state's* waiver of certain rights after voluntarily invoking a federal court's jurisdiction. *See Lapides*, 535 U.S. at 618-19 ("the question before us now is whether a State waives [Eleventh Amendment] immunity when it removes a case from state court to federal court."); *Kenny A.*, 217 F.R.D. at 285 (examining whether a state's removal to federal court constitutes a waiver of its right to assert Younger abstention).

The case before this Court deals with litigation between two private parties. In *Dantz v. American Apple Group LLC*, the Sixth Circuit distinguished a Middle District of Florida case that applied the *Lapides* rationale to private litigants, stating: "[w]e refuse to extend *Lapides* beyond the [Eleventh Amendment] sovereign immunity context." 2005 U.S. App. LEXIS 3454, at \*\*13 (6th Cir. 2005) (citing *Obermaier v. Kenneth Copeland Evangelistic Ass'n, Inc*., 208 F. Supp. 2d 1288, 1290 (M.D. Fla. 2002)). Furthermore, the Sixth Circuit in *Dantz* expressly declined to cite *Kenny A*. as a basis for extending *Lapide*'s waiver rule to private litigants. *See id.* at \*\*11 n.3. Specifically, the *Dantz* court noted that while *Kenny A*. did extend *Lapide*'s rule outside the Eleventh Amendment, it still "dealt with issues of federalism closely related to the Eleventh Amendment." *Id.* at \*\*12 n.3 (citing *Kenny A*., supra). No such issues exist in the Kantner action, and this Court will not extend *Lapide*'s or *Kenny A*.'s state litigant waiver rules to private parties.[1] Accordingly, AADPI did not waive its right to seek dismissal or stay when it removed this case to federal court.

### B. Whether the AADPI and Kantner Actions are Parallel

The first step in the *Colorado River* abstention analysis is determining whether the federal and state cases are "parallel." "'Exact parallelism' is not required; 'it is enough if the two proceedings are substantially similar.'" *Romine*, 160 F.3d at 340. In making this determination,

---

[1] In support of its argument that AADPI waived its right to request a stay or dismissal, Kantner also cites *Doll v. New Holstein Sch. Dist*., 2006 U.S. Dist. LEXIS 87668, at \*2 (E.D. Wis. Nov. 30, 2006) and *Buric v. Kelly*, 2003 U.S. Dist. LEXIS 22824, at \*25 (S.D.N.Y. Dec. 18, 2003). (Doc. 19 at 5 n.2). However, neither of these decisions are applicable to deciding waiver in the Kantner action. Doll dealt with the Buford abstention doctrine, which directs federal courts to abstain "from deciding matters that might interfere with a state's traditional regulation of the insurance industry." *Doll*, 2006 U.S. Dist. LEXIS 87668, at \*2. *Burford* abstention is not at issue in this case. *Buric* dealt with *Younger* abstention. *See Buric*, 2003 U.S. Dist. LEXIS 22824, at \*25. As explained above, *Younger* abstention is not at issue in this case.

courts may consider, *inter alia*, the parties, the causes of action, the relief sought, and the material facts of each case. *See id.* at 339-40.

As noted earlier, none of the product orders at issue in the Kantner action are at issue in the AADPI action. The Kantner action deals with the May 31st, June 5th, June 4th, June 12th, and June 14th orders, Doc. 12-4, while the AADPI action deals exclusively with the June 26th order, as well as with tort claims and claims for breach of the Confidentiality Agreement. Doc. 12-4; Doc. 12-2 at 14-21. Moreover, Ken's is the only third party customer that is common to both actions: Ken's is the customer that made the June 5th and June 14th orders at issue in the Kantner action, *see* Doc. 12 at 7; Doc. 12-4, 12-3, 12-6, and Ken's is the customer that made the June 26th order at issue in the AADPI action. Doc. 12-2 at 14. The other three orders in the Kantner action do not involve any of the third party customers at issue in the AADPI action (Ken's, Stauffer, or Chisholm). Thus, there are multiple transactions and multiple third party customers that are unique to each lawsuit.

Notwithstanding these differences, AADPI maintains that the parties and material facts of both actions are "substantially similar," and are therefore parallel for purposes of a *Colorado River* analysis. First, AADPI correctly points out that the named parties in each action are substantially similar: Kantner against AADPI in the Kantner action; AADPI against Kantner and Kantner Vice President Jeffery in the AADPI action. Doc. 12 at 11-12. However, the apparent congruence of the named parties is negated because the third party customers involved in the two actions are significantly different. Moreover, the difference in these parties cannot be remedied by AADPI's argument that the majority of damages claimed in the Kantner action in terms of dollar amount result from orders by a third party common to both actions (Ken's). *See* Doc. 12 at 7, 12. Under

8

these facts, the fact that the dollar value of two orders in the Kantner action happens to be greater than the dollar value of the other three orders does not change the fact that all five orders in the Kantner action are substantively different from the June 26th order at issue in the AADPI action.

AADPI further argues that the two actions are parallel because AADPI asserted the affirmative contract defense of set-off. Doc. 12 at 12; Doc. 20 at 2-3, 4-7. Specifically, AADPI contends that if it is able to set-off the damages it may owe in the Kantner action with the damages it may win in the AADPI action, the two actions must be parallel. *Id.* Kantner counters by arguing that AADPI is not able to assert a set-off defense because the contracts at issue are separate and distinct. Doc. 19 at 7-9. However, a determination of whether AADPI is entitled to assert a set-off defense is not necessary for purposes of deciding this motion. AADPI has not offered any cases suggesting that the ability of a party to set-off damages from one action with damages from another action makes the two parallel for purposes of the first step of a *Colorado River* analysis. Thus, in light of many differences between the two cases, this Court cannot consider them to be parallel, and the *Colorado River* analysis need not go further.

**V.      Conclusion**

For the reasons stated herein, AADPI's motion to dismiss or stay the Kantner action is hereby denied. (Doc. 12.)

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

9